**Dennis J. ROBERTS II,**
**Attorney General**

**v.**

**NARRAGANSETT ELECTRIC**
**COMPANY.**

**83–185–M.P.**

Supreme Court of Rhode Island.

April 12, 1985.

Dennis J. Roberts II, Atty. Gen., Carolyn Wexler, Sp. Asst. Atty. Gen., for petitioner.

Thomas G. Robinson, Westboro, Mass., for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This case is before us on the Attorney General's statutory petition for certiorari under G.L.1956 (1977 Reenactment) § 39–5–1, seeking a review of the decision and order issued by the Public Utilities Commission (the commission) on December 7, 1982.

On July 2, 1982, the Narragansett Electric Company (the company) filed with the commission a request for a $15,400,000

The trial justice's finding that there was no factual issue of actual malice on the reporter's part should stand.

rate increase, close on the heels of an order dated April 9, 1982, granting the company a $9,386,000 increase. The Attorney General moved to dismiss the application. The commission denied the motion. The Attorney General seeks to review the denial of the motion.

The issue before us is whether the commission erred in allowing the company to present a rate-increase request less than three months after a commission order that granted an increase on a prior application.

The Attorney General contends that the company's July 1982 rate request, because of the close proximity to the April 1982 decision and order, cannot be entertained and must be dismissed pursuant to *New England Telephone & Telegraph Co. v. Kennelly*, 78 R.I. 211, 80 A.2d 891 (1951).

■ We restate the standard for review of a decision and order by the commission. This court simply determines whether or not the commission's ruling was "lawful and reasonable and whether its findings are fairly and substantially supported by legal evidence." *New England Telephone & Telegraph Co. v. Public Utilities Commission*, R.I., 446 A.2d 1376, 1380 (1982).

To respond to the Attorney General's contention, this court did uphold in *Kennelly* the commission's dismissal of an application for a rate increase that was filed within two and one-half months after the allowance of a prior application. We concluded that to grant a hearing on the application would open the door to relitigation of issues and evidence presented to the commission at the prior hearing, thereby undermining one of the principal aims of ratemaking: to establish reasonable rates for a reasonable time in the future.

■ *Kennelly*, however, is distinguishable from the case before us. In the instant case, unlike *Kennelly*, there is no overlap or reproduction of data from prior rate applications used to support the present application. The company relied upon different test years for each of its rate-increase applications. Moreover, in the case at bar the commission has ruled that the company's rate petition should be heard. Such a determination is entitled to great deference from this court.

The Attorney General further asserts that the test-year projections from the prior hearing overlapped with evidence presented in the subsequent hearing, thereby bringing this case within the purview of *Kennelly*. We believe that there was no redundant evidence presented, yet even if an overlap of data did occur, *Kennelly* clearly states that the commission is not obligated to hear evidence that was available and could have been presented in the prior case.

■ We are unable to say, as a matter of law, that an application filed within three months of a prior rate order is unreasonable. The reasonableness of the length of time is an issue of fact for the commission to determine. The denial of the motion to dismiss is not tantamount to an approval of a rate application, rather it simply permits the parties to come forward to present evidence before the commission.

Accordingly, the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the commission with our decision endorsed thereon.