NARRAGANSETT ELECTRIC CO.

v.

Edward F. BURKE et al.

Nos. 84–73–M.P., 84–232–M.P.
and 84–342–M.P.

Supreme Court of Rhode Island.

March 11, 1986.

Thomas G. Robinson, Westborough, Mass., Peter G. Flynn, Providence, for petitioner.

Arlene Violet, Atty. Gen., Arthur P. Loveley, Sp. Asst. Atty. Gen., for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This case is before us on Narragansett Electric Company's petition for certiorari pursuant to G.L.1956 (1984 Reenactment) § 39–5–1 seeking a review of the Public Utilities Commission's (the commission) February 1, 1984 report and order retroactively reducing Narragansett's rates, ordering refunds, and summarily adjusting its future charges.

In March 1983, Narragansett received $5.2 million in rate relief from the commission. At this time, the commission determined that 15.2 percent was a fair and reasonable return on its investment.

On August 1, 1983, Narragansett requested from the commission a $13.4 million increase in its basic charges based upon a historic test it utilized to project a revenue deficiency for the period May 1984 through May 1985.

On February 1, 1984, the commission issued an interim order summarily reducing Narragansett's rates both retroactively (from April 1, 1983, through April 30, 1984)

and prospectively (for February, March, and April 1984). The refunds from the retroactive rate reduction totaled $6.44 million.

The issues before us are: (1) whether the commission erred in setting Narragansett's rates retrospectively, and (2) whether the commission erred in setting Narragansett's rates prospectively based upon historical data.

## I

### DID THE COMMISSION ERR IN SETTING NARRAGANSETT'S RATES RETROSPECTIVELY AND ORDERING CONSUMER REFUNDS ON THAT BASIS?

The Narragansett Electric Company contends that the 19.11 percent rate of return realized during 1983 was due to productivity improvements, good weather, a strong economy, and able management. Narragansett anticipated a decline in future earnings resulting in a future revenue deficiency and claims that the commission's order would deny the company of the opportunity to realize even a short-term earnings improvement from cost-cutting measures. The commission-ordered refunds and rate change are based upon the 19.5 percent realized and 15.4 percent allocated rate discrepancies. Narragansett contends that the commission's order is arbitrary and unlawful.

Section 39–3–13.1 sets out the broad powers of the commission to order refunds:

"The division shall have the power, when deemed by it necessary to provide remedial relief from unjust, unreasonable, or discriminatory acts, or from any matter, act or thing done by a public utility which matter, act or thing is in chapters 1 to 5, inclusive, of this title, or otherwise prohibited or declared to be unlawful, to order the public utility to make restitution to any party or parties, individually or as a class, injured by said prohibited or unlawful acts * * *."

Furthermore, § 39–1–38 provides that "[t]he provisions of this title shall be interpreted and construed liberally in aid of its declared purpose. The commission and the division shall have, in addition to powers herein specified, all additional, implied and incidental power which may be proper or necessary to effectuate their purposes."

Other jurisdictions have held that regulatory agencies have inherent power to order refunds absent express statutory authority. *Meyers v. Blair Telephone Co.*, 194 Neb. 55, 230 N.W.2d 190, 196 (1975); *In re AT & T Earnings on Interstate and Foreign Services During 1978*, Docket No. 79–187, slip op. at 16 (F.C.C. December 11, 1984).

The power to make refunds and to set rates as set forth in chapter 3 of title 39 would of necessity include by implication the power to avoid windfalls to utilities and unjust enrichment by the application of an appropriate quantum of interest by way of compensation for the use of customers' moneys pending determination of the amount of the refund to be made and the method of disbursement to be used. *Bristol & Warren Gas Co. v. Burke*, 444 A.2d 858, 861 (R.I.1982).

■ Retroactive ratemaking is prohibited to the extent retroactive application of a statute is prohibited. If a refund order by the commission violates the company's constitutional rights under the due process and equal-protection clauses, then that order would be prohibited. However, Narragansett has no vested rights to earn in excess of 15.2 percent on equity.

The rule against retroactive ratemaking should not be blindly applied without consideration of the underlying policy that originally precipitated its adoption. *Narragansett Electric Co. v. Burke*, 415 A.2d 177, 178 (R.I.1980). The two basic functions of the rule are to protect the public by ensuring that it will not be forced to pay past company deficits in future payments and also to prevent the company from employing future rates to ensure its stockholders' investments. *Id.* at 178–79. Concisely put, the rationale behind the rule

against retroactive ratemaking is that future rates may not be used to recoup past losses. *Providence Gas Co. v. Burke,* 475 A.2d 193, 196 (R.I.1984).

 The rule against retroactive ratemaking will not preclude the granting of refunds in situations such as the instant wherein a utility earns well in excess of its authorized rate of return. The amount of the refund due from the company's excessive profits was calculated in a fair and logical manner and was clearly and fully explained by the commission. We accordingly find no error in the commission's ruling.

## II

DID THE COMMISSION ERR IN REDUCING NARRAGANSETT'S RATES PROSPECTIVELY BASED UPON HISTORICAL DATA?

Narragansett Electric does not take issue with the commission's right to order an interim rate reduction. Narragansett does contend that the reduction was based upon improper evidence. The commission relied upon historical data consisting of Narragansett's past realized return and not upon Narragansett's own prediction of future revenues and expenses.

 The role of this court on appeal from a rate making decision is limited to a determination of whether the commission acted illegally, arbitrarily, or unreasonably. Section 39-5-3. The standard for review of a decision and order by the commission is whether that ruling was lawful and reasonable and whether those findings were fairly and substantially supported by legal evidence. *Roberts v. Narragansett Electric Co.,* 490 A.2d 506, 507 (R.I.1985). In reviewing a decision and order of the commission, this court will consider the fairness and reasonableness of the end result achieved by the commission, and not the methodology by which that decision was reached. *South County Gas Co. v. Burke,* 486 A.2d 606, 607 (R.I.1985). In light of the fact that this court will interfere only if

those findings are unsupported by substantial evidence, we hold that the commission was within its right in prospectively adjusting Narragansett's rates on an interim basis in reliance upon the company's historically realized return. Accordingly, the petition for certiorari is denied and dismissed, and the records certified to us are ordered returned to the commission with our decision endorsed thereon.