**VALLEY GAS CO.**

v.

**Edward F. BURKE. (Two Cases)**

**Nos. 85–518–M.P., 85–528–M.P.**

Supreme Court of Rhode Island.

Dec. 31, 1986.

Deming E. Sherman, Edwards & Angell, Providence, for plaintiff.

Arlene Violet, Atty. Gen., Sheldon White-house, Sp. Asst. Atty. Gen., John A. Notte III, Providence, for defendant.

OPINION

KELLEHER, Justice.

On January 28, 1985, Valley Gas Company (Valley Gas) filed with the Public Utilities Commission (commission) a request for a general rate increase to become effective February 27, 1985. The increase was designed to produce an additional $3,022,430 in revenues. The commission, pursuant to its authority under G.L.1956 (1984 Reenactment) § 39–3–11, suspended the proposed effective date of the new schedules, and hearings relative to the matter were then held for some four months.

On October 25, 1985, the commission issued an order requiring Valley Gas to file new rates and charges designed to recover additional annual revenues totaling $1,520,-332. Valley Gas subsequently filed new rates, and on November 14, 1985 the commission issued an order approving the compliance tariffs, allowing those tariffs to be effective for meter readings on and after November 25, 1985.

On October 29, 1985, the Division of Public Utilities and Carriers (division) by its attorney the Department of Attorney General filed a motion for reconsideration with the commission, asking that the decision to allow Valley Gas to recover certain advertising expenses be reviewed. In its order of November 14, 1985, the commission denied the motion, ruling that no commission rule permits such a motion for reconsideration and that the proper avenue for redress is a petition for writ of certiorari.

On November 14, 1985, the division filed a petition for writ of certiorari in this matter, pursuant to G.L.1956 (1984 Reenactment) § 39–5–1. The division seeks review of that part of the commission's order that allows Valley Gas to recover certain advertising expenses totaling $10,085. The contention here is that such recovery is prohibited by express statutory language of the Rhode Island public utility law.

On November 19, 1985, Valley Gas also filed with this court a petition for writ of certiorari. Valley Gas seeks review of that

part of the commission's order that ordered that compliance tariffs become effective for meter readings on November 25, 1985, contending that the commission should have ordered said tariffs to become effective for consumption of gas on and after October 25, 1985, one month earlier than the date approved by the commission.

We have repeatedly stressed that our standard of review of an order of the commission leads us to determine whether the commission's ruling was "lawful and reasonable and whether its findings are fairly and substantially supported by legal evidence." *Roberts v. Narragansett Electric Co.*, 490 A.2d 506, 507 (R.I.1985) (quoting *New England Telephone & Telegraph Co. v. Public Utilities Commission*, 446 A.2d 1376, 1380 (R.I.1982)); *Roberts v. New England Telephone & Telegraph Co.*, 487 A.2d 136, 138 (R.I.1985). With this standard in mind, we turn first to the question of whether the commission acted properly in ordering the tariffs approved on November 14, 1985 to become effective on November 25, rather than October 25, 1985.

■ In *Providence Gas Co. v. Burke*, 475 A.2d 193, 197 (R.I.1984), we held that Rhode Island law requires that a utility may not bill at new rates for meter readings taken less than thirty days after the commission authorizes an increase in the utility's rates and charges. We stressed then that central to our ruling was a concern that bills reflect services rendered, lest the consumer be "billed for energy consumed prior to the commission's action at a rate not in effect until after its decision." *Id.*

Valley Gas asks that we reconsider our holding in *Providence Gas* and rule that new rates for consumption shall become effective upon the release of the commission's order. Valley Gas maintains that the thirty-day rule creates anomalous results, specifically, a situation wherein a consumer billed, for example, on November 11, 1985 for consumption between October 25 and November 10 is billed at the old tariff, whereas the consumer who receives a bill on November 25 pays a new, higher rate for gas consumed during that same period, the difference resulting solely from the fact that the meters are read on different days.

We acknowledge the existence of certain anomalies in the billing process resulting from application of the thirty-day rule. We do not agree, however, that this situation is of such a serious nature as would require elimination of a rule that is designed to further the interest of all consumers.

The benchmark of the holding in *Providence Gas* was the requirement of notice to the consumer; that is, we could not countenance a rule that would leave customers no room for alteration of their patterns of usage upon learning of the rate hike. Valley Gas argues that customers have notice of the rate hike when rates are filed, several months prior to the effective date of the hike. But the mere filing of a proposed rate hike cannot be considered effective notice to the consumer when such a rate hike can be rejected out of hand or substantially altered by the commission. As we said in *Providence Gas*, "customers should have knowledge of a change [in rates] in order to make decisions regarding their usage *before* the change applies to kilowatt-hours used by them." (Emphasis added.) *Providence Gas Co.*, 475 A.2d at 197 (quoting *Re Vermont Electric Cooperative, Inc.*, 36 P.U.R.4th 406, 406 (1980)). We therefore see no reason to overrule our decision in *Providence Gas.*

■ The second issue before us concerns the timeliness of the petition for the writ of certiorari filed by the division. On October 25, 1985, the commission issued its report and order. Four days later the division filed a motion for reconsideration with the commission on the issue of the allowance of certain advertising expenses. In its subsequent compliance order of November 14, 1985, the commission found that its rules make no specific provision for the reconsideration of a decision or an order and advised the division that its proper avenue for redress is a petition for writ of certiorari.

The division proceeded to file such a petition with this court on November 15, 1985.

Section 39-5-1 of the Rhode Island Public Utility Law provides that "[a]ny person aggrieved by a decision or order of the commission may, within seven (7) days from the date of such decision or order, petition the supreme court for a writ of certiorari to review the legality and reasonableness of said decision or order." Valley Gas maintains that the petition filed by the division on November 14, 1985 was untimely, the original report and order having been issued some twenty days earlier, on October 25.

While we see merit in the technical interpretation of § 39-5-1 advanced by Valley Gas, the spirit of our past decisions, particularly *Providence Gas Co.*, reflects a reluctance on our part to adhere to a strict application of the seven-day requirement. In *Providence Gas* the Attorney General filed a certiorari petition on July 21, 1982, appealing a July 16 order. The company challenged the petition on the grounds that a substantial portion of the appeal related to a June 23 order and therefore was time-barred. We held there that alleged errors in the subsequent order of July 16, combined with the substantial public interest involved, compelled us to consider the latter petition "as seeking the issuance by this court of a common-law writ of certiorari, having in mind that the Legislature cannot divest this court of its power to review decisions of subordinate tribunals who exercise a judicial or quasi-judicial function." *Providence Gas Co.*, 475 A.2d at 195.

In the case before us the petition for a statutory writ of certiorari under § 39-5-1 was filed some twenty-one days after the issuance of the original order but just one day after the issuance of the order that approved of the proposed compliance-tariffs and denied the division's motion for reconsideration on the advertising-expenses recovery issue. Again, were we to apply the rule in a rigid fashion, we might find that the petition was untimely, indeed two weeks too late. But again, we find the issue of recovery of certain advertising expenses of substantial public interest, and therefore are reluctant to decline to review the decision of the commission below. Accordingly, we will consider the November petition as seeking a petition for a common-law writ of certiorari and review the decision below.

■ We turn now to the contention of the division that the commission erred in allowing Valley Gas recovery of certain advertising expenses totaling $10,085.

General Laws 1956 (1984 Reenactment) § 39-2-1.2, the law regulating public utility advertising, reads as follows:

"No public utility * * * shall include as part of its base rate any expenses for advertising, either direct or indirect, which promotes the use of its product or service or is designed to promote the public image of the regulated industry. No utility so regulated may furnish support of any kind, direct or indirect, to any subsidiary, group, association or individual for such advertising and include such expense as part of its base rate. Notwithstanding the foregoing, nothing contained in this section shall be deemed as prohibiting the inclusion in such base rate of expenses incurred for advertising informational or educational in nature which is designed to promote conservation of said utility's product or service. The public utilities commission shall promulgate such rules and regulations as are necessary to require public disclosure of all advertising expenses of any kind, direct or indirect, and to otherwise effectuate the provisions of this section."

Valley Gas contributes dues in the amount of $20,909 per year to an organization called American Gas Association (AGA). Of that sum $10,085 covers expenses associated with an advertising program called the American Gas Association Communications Program. According to Valley Gas, the advertising is informational and educational in nature and is designed to promote the efficient use of natural gas, and therefore the cost of said advertising is recoverable under § 39-2-1.2. The division takes the position that the advertising is

promotional in nature and that therefore any costs associated therewith are not recoverable.

Valley Gas originally submitted advertising expenses totaling $63,683, of which $53,648 were found to be irrecoverable under § 39–2–1.2. The AGA campaign allowed was entitled "The Future Belongs to the Efficient." It consisted, in part, of print advertisements extolling the efficiency with which certain gas furnaces, ranges, water heaters, and other major home appliances operate, and further estimating the amount of money consumers would save by using these efficient products rather than standard, older models.

A review of the advertisements confirms their informational, rather than promotional, nature. The advertisements primarily encourage the use of certain, more effi-cient, gas appliances over other gas appliances and as such, encourage conservation rather than merely promote the use of gas. This is precisely the type of advertising that the exception within § 39–2–1.2 allowing for advertising of an informational or educational nature was meant to encourage, and thus we see no reason to overturn the decision of the commission with regard to the allowance of recovery of AGA Communications Program expenses.

For the reasons set forth above, the petition for certiorari of Valley Gas is denied and the petition for certiorari of the division is denied.